## ABRAHAM H. D. BUTZ

v.

## JACOB SCHWARTZ.

EVIDENCE.—Appellant brought an action on a promissory note. Appellee plead non-assumpsit and pleas of fraud and circumvention in obtaining the execution of the note. Appellant introduced evidence tending to prove the signature and assignment and read the note. Appellee then introduced evidence to show the facts and circumstances constituting the alleged fraud and circumvention. *Held*, that appellant had the right to introduce any competent rebutting testimony which tended to disprove the truth of such charge and show the transaction to have been fair and honest.

APPEAL from the Circuit Court of Adams county; the Hon. J. H. WILLIAMS, Judge, presiding. Opinion filed May 22, 1884.

Messrs. EMMONS & WELLS, for appellant; that all conversations occurring at the time the note was executed, plaintiff was entitled to introduce in rebuttal as a part of the *res gestœ*, cited Phares v. Barber, 61 Ill. 274; Thorp v. Goewey, 85 Ill. 614; Jumpertz v. People, 21 Ill. 375.

Messrs. SIBLEY, CARTER & COVERT, for appellee; that it is not error for the court to refuse to admit the plaintiff in his rebutting testimony to enter upon his original case, cited Morse v. Paller, 4 Gray, 292; Day v. Morse, 4 Gray, 522; York v. Pearse, 4 Gray, 382; Briggs v. Humphrey, 5 Allen, 314; Cushing v. Billings, 2 Cush. 158; Commonwealth v. Maulten, 2 Cush. 40; Un. W. Co. v. Crary, 25 Cal. 504.

DAVIS, J. This was an action brought by appellant to recover on a promissory note, alleged to have been executed by appellees to Reyburn, Hunter & Co., and by them assigned to F. C. Jennings, and by him to appellant.

Appellee plead non-assumpsit and filed several pleas verified by affidavit: one that he did not execute the note sued on, and the other that Reyburn, Hunter & Co., did not make and

execute the supposed indorsement to Jennings.   He also filed three pleas that the making and execution of said note were obtained by fraud and circumvention.   Similiter to first named pleas, and replication to pleas of fraud and circumvention, that the execution of the note sued upon was not obtained by fraud and circumvention, with proper similiter to same were filed, and the issues were submitted to the jury.   The jury found the issues for appellee, and the court rendered judgment against appellant for costs, to reverse which he appeals.

Appellant first introduced testimony which tended to prove that appellee had signed the note in controversy, and also that Reyburn, Hunter & Co., had indorsed the note to Jennings. He then read the note in evidence, and on this testimony, if none had been offered by appellee, appellant would have been entitled to a verdict in his favor.

Appellee then, under his several pleas of fraud and circumvention, gave in evidence to the jury all the facts and circumstances connected with the making and execution of the note in controversy, on which he relied to sustain his pleas, and this evidence tended to prove that instead of making and executing the note sued on, he signed no note and was to give no note, and purchased no lightning rods, but only signed a paper which was represented to him as necessary to be sent to Reyburn, Hunter & Co., so that they would send the necessary papers to his son Daniel, which would authorize him to act as their local agent and sell a quantity of lightning rods which appellee had permitted them to store in his granary.

When appellee rested, appellant offered to give in evidence in rebuttal, the testimony of Miss Sallie Malone, by whom he expected to prove that appellee admitted he had bought the lightning rods in question.   To this testimony appellee objected, and the court sustained the objection on the ground that appellant could not prove by her anything which he should have proved in chief, and that he could not prove anything in rebuttal about that.

Appellant then offered in rebuttal to read in evidence, to the jury, the depositions of Marion Hughes, David W. Jen-

nings and Frank C. Jennings, who testified they were present when the note was signed by appellee, heard all that passed between the parties, and were acquainted with all the facts and circumstances connected with the transaction, and testified to all such facts and circumstances. Appellee objected to the reading of the depositions on the ground that the testimony was immaterial, irrelevant, incompetent and not in rebut al. ` The court sustained the objection, and refused to permit the depositions to be read to the jury, except a few formal questions and answers of each deposition.

The action of the court in excluding the depositions and the testimony of Miss Malone is the principal error assigned by appellant for the reversal of the judgment.

We think with appellant, that the court erred in excluding such testimony.

Appellant was required in the first instance, to introduce all the testimony he intended to offer to sustain the affirmative issues, which were cast upon him by the pleadings. These were, that appellee had executed the note upon which the action was brought, and that the person to whom the note was made payable, had indorsed it as averred in the declaration. In this respect he had complied with the rule and he did not subsequently seek to offer additional testimony to sustain such issues. That the testimony which was excluded from the jury by the court tended to prove the issue that the note was executed by appellee, did not render it incompetent when offered in rebuttal to disprove the affirmative issue of fraud and circumvention raised by appellee.

Under the latter issue, appellant was not required to anticipate the evidence which might be offered by appellee and disprove in advance the charge of fraud and circumvention. Until appellee had opened his side of the case and had introduced all his testimony to sustain his plea of fraud and circumvention, appellant was not required to offer his rebutting testimony to sustain the honesty and fairness of the transaction.

Therefore, after appellee had testified, as a witness, to the facts and circumstances constituting the alleged fraud and

circumvention, and had introduced his other testimony to sustain such affirmative issue, appellant had, we think, the undoubted right to introduce any competent rebutting testimony which tended to disprove the truth of such charge and show the transaction to have been fair and honest. This he attempted to do, and we think the testimony he offered was competent for that purpose, and the court erred in excluding it from the jury. The judgment, therefore, must be reversed and the cause remanded.

Judgment reversed.